

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

November 21, 1975

The Honorable R. W. Steen, President
Stephen F. Austin State University
Nacogdoches, Texas 75961

Opinion No. H- 742

Re: Whether a state university
may use appropriated funds
or auxiliary enterprise
funds to purchase liability
insurance for administrative
officers and regents.

Dear President Steen:

You have requested our opinion regarding whether a state university
may use appropriated funds or auxiliary enterprise funds to purchase
liability insurance for its administrative officers and regents.

In Attorney General Opinion H-70 (1973), we concluded that the trustees
of an independent school district might purchase liability insurance to pro-
tect themselves from the expense of defending litigation brought against
them individually for acts or omissions committed by them in the good faith
discharge of their official duties, and to protect themselves from awards
in all cases in which the district was or might have been held liable for the
same damages. The opinion was predicated upon section 20.48 of the Texas
Education Code, which specifically permits the expenditure of "[l]ocal
school funds . . . for the payment of insurance premiums."

Neither the Education Code nor any other statute, however, makes any
provision for the purchase of general liability insurance by or on behalf
of a state university. We believe that the absence of any statutory authoriza-
tion similar to section 20.48 which would authorize liability insurance cover-
age as to the University itself is fatal to the argument that coverage may be
extended to the trustees. The 1975 General Appropriations Act, Acts 1975,
64th Leg., ch. 743, article 4, section 19-b, permits the purchase of
"insurance premiums, where authorized by law . . . from appropriated
funds." (Emphasis added). Since there is, however, no statutory authoriza-
tion for the payment of such premiums, even by implication as in Opinion

p. 3153

H-70, it is apparent that this expenditure may not be made from appropriated funds. We note that article 5, section 55 of the General Appropriations Act, found at Acts 1975, 64th Leg., ch. 743, specifically prohibits the expenditure of appropriated funds "for the purpose of purchasing policies of insurance covering claims arising under the Texas Tort Claims Act."

Neither do we believe that liability insurance may be purchased from auxiliary enterprise funds. Although such funds are committed to the control of the governing board of the institution by section 51.002 of the Education Code, section 51.006 provides that "the provisions of this subchapter are subordinate to the general appropriations act for the support of each institution." Since, as we have indicated, the General Appropriations Act permits the purchase of insurance premiums only where authorized by law, it is our opinion that the payment of liability insurance premiums for administrative officers and regents would not be a proper expenditure of the kind of auxiliary enterprise funds recognized by section 51.002.

We therefore conclude that a state university may use neither appropriated funds nor auxiliary enterprise funds to purchase liability insurance for its administrative officers and regents.

## SUMMARY

A state university may use neither appropriated funds nor auxiliary enterprise funds to purchase liability insurance for its administrative officers and regents.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee